# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MARSHALL BRANDEN CLARK,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Case No. CIV 16-051-RAW-KEW** |
| | ) | |
| **JOE M. ALLBAUGH, DOC Director,** | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This action is before the court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations (Dkt. 5). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma. The petition attacks his convictions and sentences in Okfuskee County District Court Case No. CF-2007-125 for Kidnapping (Count I), First Degree Rape (Count II), First Degree Rape (Count III), Forcible Sodomy (Count IV), and Forcible Sodomy (Count V).

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). Petitioner has not filed a response to the motion to dismiss.

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)

The record shows that Petitioner's judgments and sentences were affirmed on direct appeal to the Oklahoma Court of Criminal Appeals (OCCA) in *Clark v. State*, No. F-2008-1093 (Okla. Crim. App. Mar. 30, 2010) (Dkt. 6-1 at 4). The convictions became final 90 days later on June 28, 2010. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired). The statutory year began to run the next day on June 29, 2010, and it expired on June 29, 2011. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date). This petition was filed on February 10, 2016, after the statutory year had expired.

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. With 35 days remaining on his statutory year, Petitioner filed a post-conviction application on May 25, 2011, and the trial court denied the application on February 24, 2015. Petitioner appealed the post-conviction denial to the OCCA, but that court declined jurisdiction because the appeal was untimely. *Clark v. State*, No. PC-2015-275, slip op. (Okla. Crim. App. Apr. 9, 2015) (Dkt. 6-6 at 3). Because Petitioner's untimely post-conviction appeal was not "properly filed" pursuant to 28 U.S.C. § 2244(d)(2), he is allowed only 30 additional days of tolling from February 24, 2015, until March 26, 2015, for his post-conviction proceedings. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000). Adding his 35 days of statutory tolling, Petitioner had until April 30, 2015 to file his habeas

2

petition. The petition, filed on February 10, 2016, is barred by the statute of limitations.

The Court notes that Petitioner filed an earlier federal habeas petition in this Court within the statutory year in Case No. CIV-11-112-FHS-KEW (Dkt. 6-2). That petition, which was dismissed for failure to exhaust state court remedies, did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2). *See York v. Galetka*, 314 F.3d 522, 526 (10th Cir. 2003) (citing *Duncan v. Walker*, 533 U.S. 167, 172-82) (2001)).

Petitioner fails to allege or argue equitable tolling. Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). Because Petitioner has failed to allege or argue equitable tolling, the Court finds he is not entitled to equitable tolling. *See Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (holding that a habeas petitioner carries the "strong burden" of establishing equitable tolling).

The court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as time-barred (Dkt. 5) is GRANTED, and this action is, in all respects, DISMISSED. Petitioner is denied a certificate of appealability.

**IT IS SO ORDERED** this 20th day of January 2016.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**